UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD CARRASCO, | ) | Case No. EDCV 15-803 JGB(JC) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING ACTION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |
| NEIL McDOWELL, Warden, | ) | |
| Respondent. | ) | |

## I. SUMMARY

On April 23, 2015, petitioner Richard Carrasco ("petitioner"), who is in state custody and is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"), an accompanying memorandum ("Petition Memo") with exhibits ("Petition Ex."), and an Election Regarding Consent to Proceed Before a United States Magistrate Judge which reflects that he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.[1]

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."

(continued...)

Petitioner asserts a single claim: The California Department of Corrections ("CDC") failed to allow him to appeal a disciplinary action and thereby deprived him of due process under the Fourteenth Amendment.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." As it plainly appears from the face of the Petition that petitioner's claim is not cognizable on federal habeas review, and accordingly that petitioner is not entitled to relief in the district court, the Petition and this action are dismissed without prejudice.

## II. BACKGROUND

On January 12, 2013, in a prison disciplinary hearing at California Men's Colony, petitioner was found guilty of "Extortion by Means of Force of Threat" and assessed the loss of 120 days of work time credits. (Petition Ex. A at 5-6). Such determination is documented in a January 2013 Rules Violation Report ("RVR"). (Petition Ex. A). Petitioner thereafter submitted an administrative appeal of the finding of guilt. (Petition Memo at 1). On December 27, 2013, the appeal was returned to petitioner with a request that he supply "several missing

---

[1](...continued)
28 U.S.C. § 636(c)(1). Here, petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks and citation omitted). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

necessary supporting documents." Petitioner asserts that the CDC did not timely supply him with such missing documents as required, pointing to the unchecked box on the RVR entitled "Copy of CDC 115 Given to Inmate After Hearing." (Petition Memo at 1; Petition Ex. A at 5-6). In late February 2014 – after petitioner's appeal was returned to him – the CDC provided petitioner with the missing documents. (Petition Memo at 2). Petitioner resubmitted his appeal on or about February 24, 2014. (Petition Memo at 1; Petition Ex. B). On May 9, 2014, the Office of Appeals CDC rejected the resubmitted appeal as untimely, noting that it "exceed[ed] the time constraints allowed by 29 days." (Petition Ex. B).

On or about August 11, 2014, petitioner filed a habeas petition in the Riverside County Superior Court asserting that the CDC had denied him his right to appeal the disciplinary determination. (Petition Memo at 1; Petition Ex. C). On August 18, 2014, the Superior Court denied such petition, finding that "the administrative decision" was "supported by 'some evidence.'" (Petition Ex. C). Petitioner thereafter filed a habeas petition in the California Court of Appeal asserting the same claim for relief. (See Petition Ex. D). On November 14, 2014, the Court of Appeal denied petitioner relief, "without prejudice to petitioner's exhausting administrative remedies." (Petition Ex. D). Petitioner thereafter filed a habeas petition asserting the same claim in the California Supreme Court. (Petition at 1; Petition Ex. E). On February 18, 2015, the California Supreme Court denied such petition with citations to In re Dexter, 25 Cal. 3d 921, 925-26 (1979) and In re Swain, 34 Cal. 2d 300, 304 (1949).[2]

///

---

[2] Dexter holds that "a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies." In re Dexter, 25 Cal. 3d at 925 (citations omitted). A citation to Swain indicates that a petitioner has failed to allege his claims with sufficient particularity. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

3

### III. DISCUSSION

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Ponte v. Real, 471 U.S. 491, 495 (1985). Rather, the Supreme Court has held that, in the context of prison disciplinary hearings, due process requires only certain procedural safeguards: (1) the inmate should receive "advance written notice of the claimed violation" so the inmate can marshal the facts and prepare a defense; (2) "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare" for the hearing; (3) the inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (4) "[w]here an illiterate inmate is involved, . . . or [where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," the inmate should be given assistance at the hearing; and (5) the inmate should receive "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action taken." Wolff, 418 U.S. at 563-70 (internal quotation marks omitted). Additionally, inmates are entitled to a fair and impartial decision-maker at disciplinary hearings, Edwards v. Balisok, 520 U.S. 641, 647 (1997), and "the requirements of due process are satisfied if some evidence supports the [disciplinary] decision." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985); Burnsworth v. Gunderson, 179 F.3d 771, 773 (9th Cir. 1999).

On the other hand, there is no due process right to the specific processing of an inmate's appeal. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance

procedure."), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (prisoners have no legitimate claim of entitlement to a grievance procedure), cert. denied, 488 U.S. 898 (1988).  As a result, "a claim that an administrative appeal was not handled correctly does not state a viable claim of a due process violation." Zebrowski v. Gutierrez, 2013 WL 6709762, at *14 (C.D. Cal. Dec.11, 2013) (citing Wise v. Wash. St. Dept. of Corr., 244 Fed. Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008)); see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.").

      Moreover, as the Ninth Circuit has recently clarified, a claim challenging prison disciplinary proceedings is cognizable in habeas only if it will "*necessarily spell speedier release*" from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." Nettles v. Grounds, __ F.3d __, 2015 WL 3406160, at *1 (9th Cir. May 28, 2015) (quoting Skinner v. Switzer, 562 U.S. 521 n. 13 (2011) (emphasis added by Nettles) (internal quotation marks omitted by Nettles) (citing Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).

      Petitioner's claim in the instant Petition is not cognizable because he challenges only the alleged effective failure of prison authorities to allow him to appeal a disciplinary action, claiming that such failure itself violated his right to due process.  The Petition does not challenge the disciplinary determination assessing a loss of work time credits itself and does not ask this Court to review the propriety of such determination.  Nor does petitioner allege that he was deprived of any of the procedural safeguards, detailed above, to which he actually was constitutionally entitled.  As petitioner has no due process right to appeal a disciplinary action, and as the relief sought by petitioner – that he be afforded the ability to appeal the prison disciplinary determination – will not itself terminate

custody, accelerate his future date of release from custody, or reduce the level of custody, the Petition is not cognizable and must be dismissed.

## IV. ORDERS

In accordance with the foregoing, the Court dismisses the Petition and this action without prejudice to any relief which may be afforded in connection with any future habeas petition which may challenge the disciplinary determination itself or the denial of a right which actually is constitutionally guaranteed, and directs that judgment be entered accordingly.

The Court also concludes that a certificate of appealability is unwarranted in this case, because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the claim in the Petition is not cognizable. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: May 31, 2015

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE